NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 18 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GABRIEL ECKARD, AKA Gabriel Allen Eckard, | No. 19-36064 |
| Plaintiff-Appellant, | D.C. No. 2:19-cv-00376-RSL |
| v. | MEMORANDUM[*] |
| SCOTT SYMONS, Corrections Officer at Monroe Correctional Complex, | |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Robert S. Lasnik, District Judge, Presiding

Submitted February 15, 2022[**]

Before:    FERNANDEZ, TASHIMA, and FRIEDLAND, Circuit Judges.

Washington state prisoner Gabriel Eckard appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging excessive force.

We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Albino v.*

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Baca*, 747 F.3d 1162, 1171 (9th Cir. 2014) (en banc). We affirm.

The district court properly granted summary judgment because Eckard was incarcerated when he filed this action and was therefore required to exhaust administrative remedies, but did not, and Eckard failed to raise a genuine dispute of material fact as to whether administrative remedies were effectively unavailable to him. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006) ("[P]roper exhaustion of administrative remedies . . . means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." (citation and internal quotation marks omitted)); *see also Talamantes v. Leyva*, 575 F.3d 1021, 1023 (9th Cir. 2009) (under the Prison Litigation Reform Act, a "prisoner" is "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law;" that definition is "plain and unambiguous" (citation and internal quotation marks omitted)). Eckard's contention that he was transferred to a county jail is irrelevant because his failure to comply with the prison's exhaustion procedures occurred prior to his transfer.

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Contrary to Eckard's contention, the district court did not prevent Eckard from presenting his case on appeal.

All pending motions are denied.

**AFFIRMED.**